# DAVID R. FRASER ET AL.
## v.
## THOMAS HAND.

*Master and Servant—Foundry—Molder's Helper—Vice-Principal—Negligence of—Personal Injuries—Defective Machinery—Improper Methods—Fellow-Servants.*

In an action to recover for personal injuries suffered by an employe
through the negligence of a superior servant whose orders he was bound to
obey, this court declines, there being no error of law in the case, to disturb
the verdict in behalf of the plaintiff.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon.
JOHN P. ALTGELD, Judge, presiding.

Messrs. TATHAM & WEBSTER, for appellants.

Messrs. JOHN M. SOUTHWORTH and EDWARD T. GLENNON,
for appellee.

GARY, J.    This is an action on the case by the appellee, for
injuries sustained, as he alleges, in consequence of defects in
machinery of the appellants by reason of which the appellee,
while, with due care on his part, obeying the orders of a
superior servant, was injured.    If this version is true, the case
is brought within the principle of Chi. & A. R. R. v. May, 108
Ill. 288.

The appellee was a helper, working with a molder in a
foundry, and it was his duty to obey the molder.    The par-
ticular work they were then at was moving a "flask," an iron
box, then filled so heavy as to require a crane, on one side of
which flask the handles, that once were on it, had been broken
off.    The appellee testifies, and to that there is no contradic-
tion or corroboration, that the molder told him to hook the
chain, by which it was to be raised, to the flange of the box,
and it being so raised and swung, he was told to steady it
down, and while so doing the chain or hook slipped on the
side of the appellee, and the flask fell and crushed some of his
toes.    With four chains instead of two, or with precautions
which might have been adopted to prevent the slipping, the
accident would not have occurred; but the manner of doing
the work was not under the direction of the appellee.

The injury did not occur through any carelessness of the
molder in doing what he, as a fellow-laborer did; his side did

not slip.   It was a consequence of the unsafe mode adopted, with a defective flask, by direction of a superior to the appellee, and in obeying the orders of that superior he met the injury.

The appellee testified to considerable permanent disability, from the loss of his toes, as well as pain and expense.   The jury assessed his damages at $700.   This is not manifestly excessive.

The verdict of juries in cases of this character, where no error of law is in the case, are usually conclusive.

*Judgment affirmed.*